IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JILL CELLI,

    Plaintiff,

v.

NORTHEASTERN EDUCATIONAL
INTERMEDIATE UNIT 19, et al.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-2262

(JUDGE CAPUTO)

### MEMORANDUM ORDER

Presently before the Court is Plaintiff Jill Celli's Motion To Strike Portions of Abington Defendants' Reply Brief. (Doc. 33.) Plaintiff argues that the Court should strike those portions of the Reply Brief of Defendants the School District of Abington Heights, David Arnold, Mariellen Sluko, Mary Bartz, and Barbara Urnoski ("Abington Defendants") (Doc. 32) which raise for the first time arguments that are not in response to those set forth in the brief in opposition and are offered only as additional grounds for dismissal of the Complaint. Specifically, Plaintiff refers to the Abington Defendants' assertions that Plaintiff has failed to properly allege the *prima facie* elements of a First Amendment retaliation claim. (Doc. 32 at 4-5.) The Abington Defendants contend that these arguments are merely in response to the those advanced by Plaintiff in her brief in opposition. The Court disagrees. It is clear that the Abington Defendants are attempting to advance grounds for dismissal separate and apart from those set forth in the motion to dismiss. The arguments set forth in the reply brief concerning the *prima facie* elements of Plaintiff's retaliation claim are only tangentially related to the arguments Plaintiff made in her brief in opposition. Clearly, it is improper for a party to raise an argument for the

first time in his reply brief. *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004); *United States v. Medeiros*, 710 F. Supp. 106, 110 (M.D. Pa.), *aff'd*, 884 F.2d 75 (3d Cir. 1989); *cf. United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (holding that Court of Appeals will not address arguments raised for the first time in a reply brief). Accordingly, the Court will not consider the aforementioned portions of the Abington Defendants' reply brief.

NOW, this 23rd day of March, 2005, **IT IS HEREBY ORDERED** that Plaintiff Jill Celli's Motion To Strike Portions of Abington Defendants' Reply Brief (Doc. 33) is **GRANTED in part** and **DENIED in part**:

(1) Plaintiff's motion is **GRANTED** insofar as the Court shall not consider those portions of the Reply Brief of Defendants the School District of Abington Heights, David Arnold, Mariellen Sluko, Mary Bartz, and Barbara Urnoski (Doc. 32) which assert new grounds for dismissal.

(2) Plaintiff's motion is **DENIED** in all other respects.

A. Richard Caputo
United States District Judge