IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL CELLI, | : | |
| | : | |
| Plaintiff, | : | No. 3:04-CV-02262 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NORTHEASTERN EDUCATIONAL | : | |
| INTERMEDIATE UNIT 19, | : | |
| FRED R. ROSETTI, Ed.D., | : | |
| CLARENCE LEMANNA, Ed.D., | : | |
| SUSAN WZOREK, JAMES O'HORA, | : | |
| KATHLEEN RACHOWSKI, | : | |
| THE SCHOOL DISTRICT OF | : | (Judge Caputo) |
| ABINGTON HEIGHTS, DAVID | : | |
| ARNOLD, Ed.D., MARIELLEN | : | |
| SLUKO, MARY ALICE BARTZ | : | |
| and BARBARA URNOSKIE, | : | |
| | : | (ELECTRONICALLY FILED) |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR COUNSEL FEES AND
LITIGATION COSTS PURSUANT TO 42 U.S.C. §§ 1983 AND 1988**

NOW COMES Plaintiff, Jill Celli ("Plaintiff"), by her undersigned counsel, Wright & Reihner, P.C., and hereby submits the within Motion for Counsel Fees and Litigation Costs pursuant to 42 U.S.C. §§ 1983 and 1988.[1] In support of this Motion, Plaintiff respectfully demonstrates as follows:

---

[1] Contemporaneously with the filing of the instant Motion the undersigned counsel are filing a separation Motion for counsel fees and litigation costs in the companion case of Mederios v. NEIU 19 et al., No. 3:04-CV-02263. The counsel fees and litigation costs sought by way of the instant Motion are separate and apart from those sought in the Mederios matter and are not duplicative thereof.

1. Plaintiff filed a Complaint in this matter on or about October 14, 2004 alleging, <u>inter alia</u>, First Amendment Free Speech violations, violations of the Pennsylvania Whistleblower Law, defamation and civil conspiracy.

2. Plaintiff's claim arise out of Plaintiff's allegations that the Defendants, the Abington Heights School District ("Abington Heights"), Northeastern Educational Intermediate Unit #19 ("NEIU") and various administrators and teachers associated with each entity, embarked on a campaign of retaliation against Plaintiff after she and a co-worker, both of whom were employed by NEIU as teacher's assistants at the time, reported to various authorities, including the Lackawanna County District Attorneys' Office, that they had observed Susan Wzorek, an NEIU teacher, physically, mentally and/or emotionally abusing handicapped students in her classroom at Clarks Summit Elementary School in Clarks Summit, Pennsylvania.

3. On or about November 4, 2005, the Defendants, through their respective counsel, formally and jointly tendered to Plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (A true and correct copy of the Defendants' Joint Offer of Judgment is attached hereto as Exhibit 1 to the Appendix of Exhibits filed contemporaneously herewith.)

4.     On or about November 18, 2005, after the parties mutually agreed to extend the time pursuant to which Plaintiff was required to respond to the Defendants' Joint Offer of Judgment, Plaintiff formally accepted the Defendants' Joint Offer of Judgment.  (See Plaintiff's counsel's November 18, 2005 letter accepting Defendants' Joint Offer of Judgment, a true and correct copy of which is attached as Appendix Exhibit 2.)

5.     On or about December 1, 2005, the Defendants' Joint Offer of Judgment and Plaintiff's acceptance thereof were filed with this Court.

6.     Pursuant to the Defendants' Joint Offer of Judgment, a judgment in the amount of $50,000, plus reasonable attorneys' fees and litigation costs, shall be entered in Plaintiff's favor and against Defendants Abington Heights, NEIU, Fred R. Rosetti, Ed.D., Clarence Lemanna, Ed.D., Susan Wzorek, James O'Hara, Kathleen Rachowski, David Arnold, Ed.D., Mariellen Sluko, Barbara Urnoskie and Mary Alice Bartz.  In exchange for the foregoing consideration, Plaintiff agreed to execute a release in favor of each Defendant.

7.     Pursuant to the Defendants' Joint Offer of Judgment, as well as 42 U.S.C. §§ 1983 and 1988 and Fed. R. Civ. P. 54(d)(1) and (2), Plaintiff is entitled to an award of her reasonable attorneys' fees and litigation costs.  The instant Motion requests recoupment of these fees and costs.

8. The above-captioned action required a significant amount of time and work in order to achieve the foregoing favorable result for Plaintiff. To this end, Plaintiff's counsel conducted a thorough legal and factual investigation in order to prepare and file an extensive, detailed Complaint outlining the facts and legal theories of Plaintiff's causes of action. Thereafter, the Abington Defendants filed a Rule 12(b)(6) Motion to Dismiss the Complaint, requiring Plaintiff's counsel to expend considerable additional time researching the complex issues presented by way of said Motion and drafting a comprehensive Opposition Brief. As a result of Plaintiff's counsel's efforts, the Court, by Order dated August 17, 2005, denied the majority of the relief sought by the Abington Defendants in their Rule 12(b)(6) Motion. Plaintiff's counsel was also required to prepare and respond to extensive written discovery, conduct and/or defend numerous depositions, review and analyze extensive documentation and conduct numerous third party interviews. In addition, the parties also were directed by the Court to participate in the Court-Annexed Meditation program. Following the conclusion of that unsuccessful Mediation, Plaintiff's counsel filed and briefed and a Motion for Leave to File an Amended Complaint, along with the proposed Amended Complaint, which Motion was granted by Order dated November 18, 2005.

9. The attorneys who principally handled the representation of Plaintiff in this case were Joseph T. Wright, Jr., Esq., Kevin C. Quinn, Esq. and Frank J. Tunis, Esq.  Mr. Wright is a seasoned trial attorney with nearly 25 years of legal experience, including significant experience in commercial, civil rights and employment cases.  Mr. Quinn is also a seasoned litigator who has more than 17 years experience in commercial, civil rights and employment-related litigation.  Mr. Tunis is also a competent attorney with over six (6) years experience in civil rights and employment-related litigation.

10. Plaintiff requests payment of her attorneys' fees at the following rates:

   Joseph T. Wright, Jr., Esq. -- $250/hour
   Kevin C. Quinn, Esq.        -- $200/hour
   Frank T. Tunis, Esq.        -- $150/hour

11. Plaintiff and her counsel aver that these rates are consistent with the rates that counsel charge other clients in similar matters and are reasonable for attorneys with comparable skill of experience in the Greater Scranton/Wilkes-Barre area.

12. Under the terms of Plaintiff's fee arrangement with her undersigned counsel, Plaintiff is obligated to pay to the undersigned counsel the full amount of any designated award of attorneys fees and costs set by either Court Order or pursuant to a negotiated settlement.

13. Plaintiff's counsel has maintained contemporaneous time records of all services performed on behalf of Plaintiff. True and correct copies of Plaintiff's counsel's time records are collectively assembled as Plaintiff's Appendix Exhibit 3.

14. The total time and amount of the attorneys' fees sought by Plaintiff, through November 30, 2005, are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Joseph T. Wright, Jr., Esq. | 10.7 | $250/hr | $ 2,675.00 |
| Kevin C. Quinn, Esq. | 234.6 | $200/hr | $46,920.00 |
| Frank J. Tunis, Esq. | 75.1 | $150/hr | $11,265.00 |
| Total | | | $60,860.00[2] |

15. Plaintiff respectfully submits that the fees requested herein are reasonable in light of the nature of this litigation, the amount of work required to be performed by Plaintiff's counsel, as outlined above, and the successful result achieved in this case.

16. In addition, as set forth in the supporting Declarations of Joseph G. Ferguson, Esq. and Joseph P. Lenahan, Esq., attached as Appendix Exhibits 4 and 5, respectively, the hourly rates sought by Plaintiff's counsel are reasonable and

---

[2] Plaintiff reserves the right to supplement this Motion and request additional fees and costs incurred after November 30, 2005 in connection with the preparation of this Motion and all supporting documents as well as in connection with all related Court proceedings.

consistent with prevailing market rates.

17. In addition to the foregoing, Plaintiff also seeks litigation costs which total $3,009.61. An itemized list of said litigation costs is included in Plaintiff's counsel's time records, attached as Appendix Exhibit 3.

18. The total amount of combined attorneys' fees and litigation costs sought by Plaintiff pursuant to the instant Motion is $63,869.61.

19. Plaintiff's undersigned counsel hereby certifies that, after consultation with defense counsel, the Defendants acknowledge Plaintiff's entitlement to recover her reasonable attorneys' fees and litigation costs pursuant to their Joint Offer of Judgment but dispute the amounts requested by Plaintiff in this Motion.

WHEREFORE, for any or all of the foregoing reasons, Plaintiff respectfully requests that the instant Motion be granted and that the attorneys' fees and litigation costs requested herein be approved by the Court and assessed against the

Defendants, jointly and/or severally, and in favor of Plaintiff, together with such other and further relief to which Plaintiff may be justly entitled in the opinion of this Court.

                                  Respectfully submitted:

                                  ____/s/ Kevin C. Quinn_____
                                  Joseph T. Wright, Jr.
                                  Pa. I.D. No. 32690
                                  Kevin C. Quinn
                                  Pa. I.D. No. 53625
                                  Frank J. Tunis, Jr.
                                  Pa. I.D. No. 84264
                                  **WRIGHT & REIHNER, P.C.**
                                  148 Adams Avenue
                                  Scranton, Pennsylvania 18503
                                  (570) 961-1166

                                  Attorney for Plaintiff

DATED:  December 9, 2005

## CERTIFICATE OF SERVICE

I, KEVIN C. QUINN, hereby certify that I have caused to be served on this day, a true and correct copy of the foregoing Motion for Counsel Fees and Litigation Costs upon counsel of record via electronic filing as follows:

>Robin B. Snyder, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>401 Adams Avenue - Suite 400
>Scranton, PA  18510
>rsnyder@mdwcg.com
>
>John E. Freund, III, Esquire
>King, Spry, Herman, Freund & Faul, LLC
>One West Broad Street - Suite 700
>Bethlehem, PA  18018
>jef@kingspry.com
>
>Richard Polachek, Esquire
>Polachek & Associates, P.C.
>22 East Union Street - Suite 400
>Wilkes-Barre, PA  18701
>polacheklaw@epix.net

                                                                    /s/ Kevin C. Quinn____
                                                             Kevin C. Quinn

DATED:   December 9, 2005