IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL CELLI, | : | |
| | : | |
| Plaintiff, | : | No. 3:04-CV-02262 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NORTHEASTERN EDUCATIONAL | : | |
| INTERMEDIATE UNIT 19, | : | |
| FRED R. ROSETTI, Ed.D., | : | |
| CLARENCE LEMANNA, Ed.D., | : | |
| SUSAN WZOREK, JAMES O'HORA, | : | |
| KATHLEEN RACHOWSKI, | : | |
| THE SCHOOL DISTRICT OF | : | (Judge Caputo) |
| ABINGTON HEIGHTS, DAVID | : | |
| ARNOLD, Ed.D., MARIELLEN | : | |
| SLUKO, MARY ALICE BARTZ | : | |
| and BARBARA URNOSKIE, | : | |
| | : | (ELECTRONICALLY FILED) |
| Defendants. | : | |

**BRIEF IN SUPPORT OF MOTION FOR
COUNSEL FEES AND LITIGATION
COSTS PURSUANT TO 42 U.S.C. §§ 1983 AND 1988**

Plaintiff Jill Celli ("Plaintiff"), by her undersigned counsel, Wright & Reihner, P.C., hereby submits the within Brief in Support of her Motion for Counsel Fees and Litigation Costs pursuant to 42 U.S.C. §§ 1983 and 1988.

**I.   STATEMENT OF RELEVANT FACTS**

Plaintiff filed a Complaint in this matter on or about October 14, 2004 alleging, inter alia, First Amendment Free Speech violations, violations of the

Pennsylvania Whistleblower Law, defamation and civil conspiracy. Plaintiff's claims arise out of Plaintiff's allegations that the Defendants, the Abington Heights School District ("Abington Heights"), Northeastern Educational Intermediate Unit #19 ("NEIU") and various administrators and teachers associated with each entity, embarked on a campaign of retaliation against Plaintiff after she and a co-worker, both of whom were employed by NEIU as teacher's assistants at the time, reported to various authorities, including the Lackawanna County District Attorneys' Office, that they had observed Susan Wzorek, an NEIU teacher, physically, mentally and/or emotionally abusing handicapped students in her classroom at Clarks Summit Elementary School in Clarks Summit, Pennsylvania.

On or about November 4, 2005, the Defendants, through their respective counsel, jointly tendered to Plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (A true and correct copy of the Defendants' Joint Offer of Judgment is attached as Exhibit 1 to the Appendix of Exhibits filed contemporaneously with Plaintiff's Motion.) On or about November 18, 2005, after the parties mutually agreed to extend the time pursuant to which Plaintiff was required to respond to the Defendants' Joint Offer, Plaintiff formally accepted the Defendants' Joint Offer of Judgment. (See Plaintiff's counsel's November 18, 2005 letter accepting Defendants' Joint Offer of Judgment, a true and correct copy of which is attached as Appendix Exhibit 2.) Thereafter, on or about December 1, 2005, the

Defendants' Joint Offer of Judgment and Plaintiff's acceptance thereof were filed with this Court.

Pursuant to the Defendants' Joint Offer of Judgment, a judgment in the amount of $50,000, plus reasonable attorneys' fees and litigation costs, shall be entered in Plaintiff's favor and against Defendants Abington Heights, NEIU, Fred R. Rosetti, Ed.D., Clarence Lemanna, Ed.D., Susan Wzorek, James O'Hara, Kathleen Rachowski, David Arnold, Ed.D., Mariellen Sluko, Barbara Urnoskie and Mary Alice Bartz.  In exchange for the foregoing consideration, Plaintiff agreed to execute a release in favor of each Defendant.

As set forth more fully in her Motion, the above-captioned action required a significant amount of time and work in order to achieve the foregoing favorable result for Plaintiff.  To this end, Plaintiff's counsel conducted a thorough legal and factual investigation in order to prepare and file an extensive, detailed Complaint outlining the facts and legal theories of Plaintiff's causes of action.  Thereafter, the Abington Defendants filed a Rule 12(b)(6) Motion to Dismiss the Complaint, requiring Plaintiff's counsel to expend considerable additional time researching the complex issues presented by way of said Motion and drafting a comprehensive Opposition Brief.  As a result of Plaintiff's counsel's efforts, the Court, by Order dated August 17, 2005, denied the majority of the relief sought by the Abington Defendants in their Rule 12(b)(6) Motion.

Plaintiff's counsel was also required to prepare and respond to extensive written discovery, conduct and/or defend numerous depositions, review and analyze extensive documentation and conduct numerous third party interviews.  In addition, the parties also were directed by the Court to participate in the Court-Annexed Meditation program.  Following the conclusion of that unsuccessful Mediation, Plaintiff's counsel filed and briefed a Motion for Leave to File an Amended Complaint, along with the proposed Amended Complaint, which Motion was granted by Order dated November 18, 2005, the same day Plaintiff accepted the Defendants' Offer of Judgment.

The attorneys who principally handled the representation of Plaintiff in this case are Joseph T. Wright, Jr., Esq., Kevin C. Quinn, Esq. and Frank J. Tunis, Esq.  Mr. Wright is a seasoned trial attorney with nearly 25 years of legal experience, including significant experience in commercial, civil rights and employment cases.  Mr. Quinn is also a seasoned litigator who has more than 17 years experience in commercial, civil rights and employment-related litigation.  Mr. Tunis is also a competent attorney with over six (6) years experience in civil rights and employment-related litigation.

Plaintiff's Motion requests payment of her attorneys' fees at the following rates:

>   Joseph T. Wright, Jr., Esq.  --  $250/hour
>   Kevin C. Quinn, Esq.         --  $200/hour
>   Frank T. Tunis, Esq.         --  $150/hour

Plaintiff and her counsel aver that these rates are consistent with the rates that counsel charge other clients in similar matters and are reasonable for attorneys of comparable skill and experience in the Greater Scranton/Wilkes-Barre area.  (See also Declarations of Joseph G. Ferguson, Esq. and Joseph P. Lenahan, Esq., attached as Plaintiff's Appendix Exhibits 4 and 5, respectively.)

Plaintiff's counsel has maintained contemporaneous time records of all services performed on behalf of Plaintiff.  (True and correct copies of Plaintiff's counsel's time records are collectively assembled as Plaintiff's Appendix Exhibit 3.)  The total time and amount of the attorneys' fees sought by Plaintiff, through November 30, 2005, are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Joseph T. Wright, Jr., Esq. | 10.7 | $250/hr | $ 2,675.00 |
| Kevin C. Quinn, Esq. | 234.6 | $200/hr | $46,920.00 |
| Frank J. Tunis, Esq. | 75.1 | $150/hr | $11,265.00 |
| Total | | | $60,860.00 |

Plaintiff respectfully submits that the fees requested herein are reasonable in light of the nature of this litigation, the amount of work required to be performed by Plaintiff's counsel, as outlined above, and the successful result achieved in this case.

In addition to the foregoing, Plaintiff also seeks litigation costs which total $3,009.61. An itemized list of these litigation costs is included in Plaintiff's counsel's time records, attached as Appendix Exhibit 3. Thus, the total amount of combined attorneys' fees and litigation costs sought by Plaintiff pursuant to the instant Motion, and authorized by § 1988(b), is $63,869.61.[1]

## II. ARGUMENT

42 U.S.C. § 1988(b) states, in relevant part, that:

> . . . In any action or proceeding to enforce a provision of Section [] . . . 1983 of this title . . . the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee a part of the costs.

A "prevailing party" is one who "succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Cipriani v.

---

[1] As Plaintiff indicated in her underlying Motion, Plaintiff reserves the right to seek additional fees/costs incurred in connection with the instant application.

Lycoming County Housing Authority, 2001 U.S. Dist. LEXIS 25023 at *6 (M.D. Pa. 2001).  Instantly, Plaintiff is deemed to be a prevailing party in light of the Defendants' Joint Offer of Judgment.  Fed. R. Civ. P. 68.

As this Court recognized in Cipriani, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  2001 U.S. Dist. LEXIS 25023 at *6 (quoting Hensley, 461 U.S. at 433).  This computation, called the "lodestar," "provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  Cipriani, 2001 U.S. Dist. LEXIS 25023 at **6-7.  See also Hensley, 461 U.S. at 433.  In Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 591 (1984), the United States Supreme Court held that the "market rate[] in the relevant community" is the reasonable hourly rate to use in computing the lodestar.  See also Gulfstream III Assoc., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 421 (3d Cir. 1993); Cipriani, 2001 U.S. Dist. LEXIS 25023 at *7.

To meet her initial burden of demonstrating that her attorneys' fees request is reasonable, Plaintiff is required to submit evidence supporting the hours worked and the rates claimed.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Cipriani, 2001 U.S. Dist. LEXIS 25023 at *7.  Instantly, Plaintiff has satisfied this threshold burden by submitting, along with her Motion, detailed billing data that

7

was kept by her counsel contemporaneous with the performance of the services identified therein. Plaintiff's counsel's billing records, attached as Plaintiff's Appendix Exhibit 3, set forth the date, identity of the attorney performing each specific task, a concise description of the work product, the amount of time expended and the time value stated as the dollar amount billable. (Id.) These contemporaneous time records reflect the legal services actually and necessarily performed by Plaintiff's counsel.

In addition, Plaintiff has submitted Declarations from Joseph G. Ferguson, Esq. and Joseph P. Lenahan, Esq., two highly qualified and well-respected members of the local Bar, confirming that the hourly rates charged by Plaintiff's counsel are reasonable and consistent with prevailing market-rates for attorneys of comparable skill and experience. (See Plaintiff's Appendix Exhibits 4 and 5.) Thus, Plaintiff has met her threshold burden of establishing the reasonableness of the attorneys fees she requests under § 1988.

To the extent they seek to challenge Plaintiff's fee petition, the Defendants must submit, by affidavit or brief with sufficient specificity to give Plaintiff notice, documentation challenging the reasonableness of the requested fee. Interfaith Community Organization v. Honeywell International, Inc., 426 F.3d 694, 703 (3d Cir. 2005); Rode, 892 F.2d at 1183; Cipriani, 2001 U.S. Dist. LEXIS 25023 at *7. Notably, a district court cannot decrease a fee award based on factors that have not

been specifically raised by the adverse party(ies).  <u>Rode</u>, 892 F.2d at 1183; <u>Bell v. United Princeton Properties, Inc.</u>, 884 F.2d 713, 720 (3d Cir. 1989).  As of the filing of the instant Brief, Defendants, who have already been provided with Plaintiff's counsel's legal bills, have not raised any specific objections relative thereto.  Thus, it remains to be seen whether the Defendants will or can meet this required burden.

In addition to the payment of her attorneys' fees, Plaintiff is also entitled under 42 U.S.C. § 1988 to be reimbursed for the legal expenses incurred in connection with the prosecution of this case.  <u>Cipriani</u>, 2001 U.S. Dist. LEXIS 25023 at *35.  <u>See</u> also <u>Cleveland Area Bd. of Realtors v. City of Euclid</u>, 965 F. Supp. 1017, 1023 (N.D. OH 1997) ("[a]n attorney's fee under § 1988 includes those expenses that are incurred in order for the attorney to render his or her legal services and that would normally be charged to a fee-paying client").  The costs Plaintiff seeks to recoup, which totaled $3,009.61 as of the filing of Plaintiff's instant Motion, are set forth in detail in Plaintiff's counsel's billing records, <u>see</u> Appendix Exhibit C, and include filing fees, deposition transcript fees, witness fees, service fees, photocopy costs, computerized legal research and postage – all of which are items that are properly chargeable to fee-paying clients and, thus, recoverable under § 1988.  <u>Cipriani</u>, 2001 U.S. Dist. LEXIS 25023 at *35; <u>Cleveland Area Bd. of Realtors</u>, 965 F. Supp. at 1023.

## III. CONCLUSION

For any or all of the foregoing reasons, together with those set forth in Plaintiff's underlying Motion and supporting documentation, Plaintiff respectfully prays that this Court award Plaintiff attorneys' fees of $60,860.00 and costs of $3,009.61 through November 30, 2005, plus other reasonable fees and costs associated with the preparation and presentation of the instant Motion and all supporting documentation, together with such other and further relief to which Plaintiff may be justly entitled.

                    Respectfully submitted:

                    ____/s/ Kevin C. Quinn_____
                    Joseph T. Wright, Jr.
                    Pa. I.D. No. 32690
                    Kevin C. Quinn
                    Pa. I.D. No. 53625
                    Frank J. Tunis, Jr.
                    Pa. I.D. No. 84264
                    **WRIGHT & REIHNER, P.C.**
                    148 Adams Avenue
                    Scranton, Pennsylvania 18503
                    (570) 961-1166

                    Attorney for Plaintiff

DATED:   December 20, 2005

# CERTIFICATE OF SERVICE

I, KEVIN C. QUINN, hereby certify that I have caused to be served on this day, a true and correct copy of the foregoing Brief in Support of Plaintiff's Motion for Counsel Fees and Litigation Costs upon counsel of record via electronic filing as follows:

>Robin B. Snyder, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>401 Adams Avenue - Suite 400
>Scranton, PA  18510
>rsnyder@mdwcg.com
>
>John E. Freund, III, Esquire
>King, Spry, Herman, Freund & Faul, LLC
>One West Broad Street - Suite 700
>Bethlehem, PA  18018
>jef@kingspry.com
>
>Richard Polachek, Esquire
>Polachek & Associates, P.C.
>22 East Union Street - Suite 400
>Wilkes-Barre, PA  18701
>polacheklaw@epix.net

                                        /s/ Kevin C. Quinn
                                        Kevin C. Quinn

DATED:  December 20, 2005